## PFIEFER & DREYFUS *v.* F. H. HARTMAN.

1. ATTACHMENT.   *Judgment discharging lien.   Defective appeal-bond.   Effect on rights of claimant.*
   Sects. 2434 and 2435 of the Code of 1880, in relation to attachments, provide that, "if the issue on a plea in abatement be found for the defendant, the attachment shall be thereby discharged, and all property seized under it;" but "if the plaintiff, within five days after the expiration of the term of the court at which judgment is rendered, discharging his attachment, shall perfect an appeal from such judgment, the attachment shall not be discharged, nor the property released therefrom, but such appeal shall preserve the attachment in full force, to await the result of the appeal." Sects. 2324 and 2325 of the Code require that all appeal-bonds shall be signed by two sureties, freeholders in the State.   Under these provisions, an appeal-bond given by a plaintiff in attachment against whom a judgment has been rendered upon a plea in abatement, if signed by only one surety, is defective, and does not, as against a claimant, preserve the lien on the property attached during the pendency of the appeal; nor can the lien be restored, as against the claimant, by the defendant in attachment waiving objection to the appeal-bond, and consenting to the rendition of a judgment in this court condemning the attached property to sale to pay the plaintiff's demand.

2. SAME.   *Defective appeal-bond.   Discharge of claimant.*
   Where, by reason of the giving of such defective appeal-bond, the lien on the

attached property is lost, a claimant of the property is discharged from all obligation to further maintain his claim.

3. Same. *Proceedings statutory. Rule of construction.*
Proceedings in attachment being purely statutory, the statute must be complied with by the plaintiff, in order to entitle him to the benefit of its provisions.

Appeal from the Circuit Court of Lincoln County.

Hon. J. B. Chrisman, Judge.

On the 27th of June, 1882, Pfeifer & Dreyfus sued out an attachment for $7,420.39, against H. M. Ferris, and caused the same to be levied upon certain personalty and realty as the property of the defendant. On the 29th of June, 1882, F. H. Hartman presented an affidavit claiming certain articles of the personal property seized under the writ of attachment. The sheriff, upon the execution of the proper bond by Hartman, delivered to him the property which he claimed. Ferris, the defendant, contested the grounds of the attachment, and upon the trial of the issues presented by his plea in abatement, the jury, on the 24th of July, 1882, rendered a verdict in his favor, and a judgment was entered accordingly. The plaintiffs prayed an appeal, and in due time gave a bond therefor, which was approved, though signed by only one surety. When the case reached this court, the defendant, instead of objecting to the bond, confessed error and consented that a judgment might be rendered for the plaintiffs condemning the property attached to sale to satisfy their demand; and such judgment was rendered by this court on the 16th of October, 1882.

Issue having been previously joined upon Hartman's claim to some of the attached property, this branch of the case came on for trial on the 3d of February, 1883, and the plaintiffs offered as a part of their evidence the record of the proceedings against the defendant therein, including the appellate proceedings and judgment of this court. Hartman, the claimant, objected to the admission of such record, on the ground that the appeal-bond, being signed by only one surety, was not good. The court sustained the objection and a verdict and judgment was rendered for the claimant. From that judgment the plaintiffs in attachment prosecuted this appeal.

*Sessions & Cassedy*, and *R. H. Thompson*, for the appellants.

1. The appeal-bond was not payable to Hartman, and he was in no manner interested in it.  *Atkinson* v. *Foxworth*, 53 Miss. 741 ; 10 Smed. & M. 113.

2. If the bond was objectionable, the objections were all waived when the appellee, and only party interested in it, appeared in the Supreme Court and failed there to object to it. The .appeal was not void, it is a mere process for getting a cause into the appellate court, and irregularities may be waived. Appellate courts must judge of their own jurisdiction and not leave that to inferior courts.  *Barnum* v. *Seneca Co. Bank*, 6 How. App. Cas. 82 ; *The People* v. *Murphy*, 1 Daly, 462.

3. The Circuit Court had no power to inquire into the regularity of the proceedings of the Supreme Court, but was bound to treat the case as if its own reversed judgment had never been rendered at all, and to treat the judgment of the Supreme Court as *nunc pro tunc* relating to time of its own judgment. *Caldwell* v. *Bruggerman*, 8 Minn. 286 ; *Cunningham* v. *Ashley*, 13 Ark. (8 English) 653 ; *Gunter* v. *Lappin*, 7 Cal. 588 ; *Voorhees* v. *Bank of U. S.*, 10 Pet. 449 ; *Henderson* v. *Winchester*, 31 Miss. 290 ; *Dean* v. *The State*, 2 Smed. & M. 211 ; *Bowen* v. *Bonner*, 45 Miss. 11.

4. However imperfect (we deny that it was imperfect) the bond to prevent a *supersedeas* of the discharge of the attachment lien under sect. 2435, Code 1880, no advantage accrued to Hartman because (conceding everything else) the lien was divested the moment his claimant's bond and affidavit were approved and the property delivered to him (the return of sheriff shows that Hartman gave bond) and the lien was divested and gone long before any trial of the attachment in the Circuit Court.  *Parker* v. *Dean*, 45 Miss. 408.

*A. C. McNair*, for the appellee.

Was the attachment lien preserved by the execution of the imperfect bond — if bond it is?  Sect. 2434 of the Code of 1880 provides : " If the issue in a plea of abatement be

found for the defendant, the attachment shall be thereby discharged and all property seized under it, and all persons summoned as garnishees shall bê released from it,'' etc. Sect. 2435 provides that '' if the plaintiff, within five days after the expiration of the term of the court at which judgment is rendered discharging his attachment, shall perfect an appeal from such judgment, the attachment shall not be discharged, nor the garnishees nor property be released therefrom by such judgment, but such appeal shall preserve the attachment in full force to await the result of the appeal.'' By the judgment of the Circuit Court the property was released from the attachment *ipse jure*, with the right, however, of the retention of the lien on the property by the plaintiffs perfecting an appeal from the judgment within five days from the expiration of the term of the court at which the judgment was rendered. The perfecting the appeal within the time prescribed was a condition precedent to the retention and continuance of the lien. A perfect appeal is where the appellant gives bond with two or more good sureties, freeholders in this state. See Code 1880, sects. 2308, 2309, 2318, 2323, and 2325. If the appeal-bond does not meet the requirements of the law the appeal cannot properly be granted. *Merrill* v. *Hunt*, 52 Miss. 774 ; *Eustice* v. *Holmes*, 48 Miss. 36 ; *May* v. *Baskin*, 9 Smed. & M. 373.

The attachment lien was not discharged by the giving of the claimant's bond. Code 1880, sect. 2460. If the attachment lien was lost, the plaintiffs are not entitled to recover against the claimant herein.

COOPER, J., delivered the opinion of the court.

By the verdict of the jury in favor of the defendant on the plea in abatement, the attachment was discharged subject to the right of the plaintiff to retain his lien by perfecting an appeal within five days after the expiration of the term of the court. Code of 1880, sects. 2434 and 2435.

Sects. 2324 and 2325 of the Code provide how appeals may be taken, and in all cases where bonds are given by the appel-

lant it is required that they be signed by *two* sureties, free-holders in the state.

The appellant gave bond within the prescribed time, but it was executed by only one surety, and the appeal was not, therefore, perfected.

It is true that the defendant did not object to the bond, but appeared in this court, confessed error and consented that a judgment might be rendered here condemning the property attached to sale, which was done, but this did not have the effect of restoring the lien of the attachment on the property replevied by the claimant.   As to him, the proceedings in that appeal were *res inter alios acta*.   By the failure of the plaintiff to perfect his appeal within the time in which it must have been perfected, to enable him to retain the lien on the property attached, the claimant had been freed from all obligation to further prosecute his claim ; he had no connection with the suit except as claimant to the property attached, and when the property was discharged so also was he.

The right to an attachment, and the proceedings to enforce the right, are wholly regulated by the statute, and only by compliance with its terms can the lien be acquired or retained.

The judgment is affirmed.